EDWARD J. TOBIN, Appellant, *v.* UNION NEWS COMPANY, Respondent.

Fourth Department, April 4, 1963.

*Costello, Cooney & Fearon (Charles E. Cooney, Jr.,* of counsel), for appellant.

*Alderman & Alderman (Saul H. Alderman* of counsel), for respondent.

*Per Curiam.* In this action by the lessor for damages arising out of nonperformance by the lessee of a covenant in a restau-

rant lease providing for the conversion of a portion of the second floor of the demised premises from living quarters to banquet and restaurant facilities, the issues involve the interpretation of the provision, the scope of the parol evidence rule and proof of damages. Because of misconstruction of the convenant, misapplication of the parol evidence rule, and overemphasis on the need for exactitude in damages there must be a new trial.

The plaintiff lessor appeals from a judgment dismissing the complaint after trial. Defendant's position is that the language of the covenant is too indefinite for enforcement and, accordingly, is not binding and also that appellant has failed to sustain its burden of proof of damages.

Clause " Twentieth " of the lease provided that the second floor portion of the premises was to be altered by the lessee to banquet and restaurant facilities at the lessee's expense within one year from the date of the lease. Negotiations in the Fall of 1954 culminated in execution of a five-year lease of the premises for an annual rental of $15,000 and 3½% of the annual gross sales in excess of $300,000.

The trial court found that the contract provisions as to the conversion of the living quarters to banquet and restaurant facilities might be variously interpreted. While this is true the obligation to convert is clear and creates a valid obligation on the lessee's part. The specifics of conversion are vague and should have been more definitely provided for in the lease. The trial court found that the terminology " banquet and restaurant facilities " is not ambiguous and, even if it is, that the parol evidence introduced by plaintiff removed its ambiguity. Then, after accepting the parol evidence as demonstrative of lack of ambiguity, the court rejected the same parol evidence as incompetent to explain and amplify what the parties intended. The purpose for which the evidence was introduced was misconstrued. There was also incongruity in recognizing the evidence as removing any possible ambiguity and later rejecting it as incompetent.

The language of the clause is neither meaningless nor ambiguous. It simply states that the lessor's living quarters are to be converted by the lessee to banquet rooms within one year from the date of execution of the lease. The specifics of implementing the intention of the parties are absent but the liability is present. Inadequate expression of manner of performance does not extinguish the obligation of performance. Under such circumstances, parol evidence is admissible to assist the court in discovering the particulars of execution so long as the evidence

does not tend to modify what is already clearly expressed (*Mullen* v. *Washburn,* 224 N. Y. 413).

When an ambiguity arises from a written agreement, the intention of the parties must be ascertained in the light of the surrounding facts and circumstances. · Parol evidence is admissible for this reason (*O'Neil Supply Co.* v. *Petroleum Heat & Power Co.,* 280 N. Y. 50, 56). In construing a contract, due consideration must be given to the purpose of the parties in making the contract (4 Williston, Contracts [3d ed.], § 619, pp. 730–733), and wherever possible, the agreement should be given a fair and reasonable interpretation (*Aron* v. *Gillman,* 309 N. Y. 157, 163; *Frank Associates* v. *Ryan & Sons,* 281 App. Div. 665).

If the written agreement in any respect is uncertain or equivocal, all the circumstances leading to its execution may be shown for the purpose of elucidation but not for contradiction or modification (3 Corbin, Contracts, § 579, pp. 420–425). Extrinsic evidence is admissible to resolve the ambiguity, not to create it (*Laskey* v. *Rubel Corp.,* 303 N. Y. 69, 71; *Thomas* v. *Scutt,* 127 N. Y. 133, 141; 4 Williston, Contracts [3d ed.], § 632A, p. 990). In this lease the obligation assumed by the lessee is there — plain, certain and positive. The precise nature of the obligation must be sifted from testimony concerning the surrounding circumstances.

As for damages, when an action by a landlord for breach of a lessee's covenant to repair or improve is brought before the expiration of the term, the measure of damages is the injury to the reversion or the difference between the value of the premises with the improvement and absent the improvement (32 Am. Jur., Landlord and Tenant, § 801, pp. 682–683). If the action is brought after the expiration of the lease, the measure is the cost of accomplishing what should have been done (*Appleton* v. *Marx,* 191 N. Y. 81; 1 Rasch, Landlord and Tenant and Summary Proceedings, §§ 579, 580, p. 484; 2 N. Y. Law of Damages, §§ 751–752, pp. 1306–1307).

The proof of damages is more difficult, of course, when the obligations are not fixed by precise language. However, the difficulty of ascertaining damages does not excuse their determination (1 N. Y. Law of Damages, § 80, p. 139). Uncertainty as to amount does not preclude recovery (*Wakeman* v. *Wheeler & Wilson Mfg. Co.,* 101 N. Y. 205, 209). Mathematical certitude is unnecessary. A reasonable basis for the computation of approximate result is the only requisite (*Eastman Co.* v. *Southern Photo Co.,* 273 U. S. 359, 379; *Duane Jones Co.* v. *Burke,*

306 N. Y. 172, 192; *Mills Studio* v. *Chenango Val. Realty Co.,* 15 A D 2d 138; *Slater* v. *Kane,* 275 App. Div. 648; 15 Am. Jur., Damages, § 21, pp. 412–413; Restatement, Contracts, § 331). Although paragraph " Twentieth " was poorly drafted, the lessor should have the opportunity to demonstrate the amount of damages sustained by nonperformance by the lessee without any confusion as to whether parol evidence is admissible to explain or to prove the contract. There was a plethora of evidence on damages at the trial but some of it partook of speculation and conjecture and some of it was unrelated to any particular theory of damages. The plaintiff should be cautioned upon retrial that it must sustain its burden of producing sufficient evidence to form a basis for an estimate of damages with some exactness (*Haughey* v. *Belmont Quadrangle Drilling Corp.,* 284 N. Y. 136, 142).

It should be observed in passing that we do not approve of the submission on oral argument of exhibits which have not been received in evidence. One of these exhibits involving correspondence between the parties was referred to in the trial court's decision although it does not appear in the record that anything transpired in respect of this exhibit after the court reserved decision as to its admission.

Holding, as we do, that paragraph " Twentieth " creates a valid obligation, a new trial should be had.

WILLIAMS, P. J., BASTOW, GOLDMAN, HALPERN and HENRY, JJ., concur.

Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.