(July 20, 1978)

■ In the Matter of JUDITH G. YANOFF, Appellant, v COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered December 30, 1977 in Albany County, which settled the record on appeal. Petitioner seeks to include in the record on appeal two observation reports by Anthony Jaco-belli, chairman of the board of education, which were not part of the record before the Commissioner of Education or the record before Special Term. The CPLR provides that the record on appeal from a final judgment shall consist of a notice of appeal, the judgment roll, the transcript or a statement in lieu of a transcript if there was a trial or hearing, any exhibits in the court of original instance, any other reviewable order and any opinion in the case (CPLR 5526). The judgment roll consists of the summons, pleadings, admissions, each judgment and each order involving the merits or necessar-ily affecting the final judgment (CPLR 5017, subd [b]). Thus, the only arguable way that the two reports could properly be part of this record on appeal would be "as exhibits in the court of original instance". However, the two subject reports were not offered and received in evidence. Accordingly, they may not be considered by this court as part of the record (cf. *Tobin v Union News Co.,* 18 AD2d 243). Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN P. TRENDELL, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered March 25, 1977, upon a verdict convicting defend-ant of the crime of assault in the third degree, a class A misdemeanor. Judgment affirmed. No opinion. Sweeney, J. P., Staley, Jr., Larkin and Herlihy, JJ., concur; Mikoll, J., concurs in part and dissents in part in the following memorandum. Mikoll, J. (concurring in part and dissenting in part). I concur with the majority as to the legal sufficiency of the evidence to convict defendant of assault third. In my view, however, the defendant is entitled to be adjudicated a youthful offender. The defendant was indicted for assault in the third degree and found guilty thereof after trial. This is his first criminal conviction. Under the same circumstances, any other youth appearing in a local criminal court would, by the mandate of CPL 720.20 (subd 1, par [b]), be entitled to youthful offender treatment. The section permits no discretion to the sentencing Judge in such a case. To deny defendant the same consideration on the basis of the unfortunate happenstance of having been indicted for a misdemeanor and standing trial in a superior court rather than a local criminal court is to deny him equal protection of the law (NY Const, art I, § 11; US Const, 14th Amdt, § 1). Classifications must rest on real and not feigned differences and the distinc-tion in treatment of defendant must have some relevance to the purposes for which the classification is made. *People v Santiago* (51 AD2d 1), *People v Kalicki* (49 AD2d 1032) and *People v Drayton* (47 AD2d 952) are inapposite as they involve defendants indicted for felonies. The distinction in treatment of such defendants from the case at hand is clearly discernible.