In the Matter of JOSEPH B. MARGOLIN, Petitioner, v HAROLD R. NEWMAN, as Chairman of the Public Employment Relations Board of the State of New York, et al., Respondents.

Third Department, October 8, 1987

## APPEARANCES OF COUNSEL

*Julius Blaushield* for petitioner.

*Martin L. Barr (Sandra M. Nathan* of counsel), for Harold R. Newman, respondent.

*James R. Sandner (Stephen Mendelsohn* of counsel), for George Mayer, respondent.

## OPINION OF THE COURT

WEISS, J.

On October 18, 1984, petitioner, a tenured social studies teacher employed by the Commack Union Free School District (hereinafter District) in Suffolk County, filed an improper employee organization practice charge against the Commack Teachers Association (hereinafter CTA) with the Public Employment Relations Board (hereinafter PERB) *(see,* Civil Service Law § 209-a [2] [b]). The facts underlying this charge, which followed petitioner's assignment to teach one non-social studies class during the 1984-1985 school year, are set forth in a previous decision of this court *(see, Matter of Board of Educ. v Ambach,* 121 AD2d 136). In substance, the charge alleged that CTA breached its duty of fair representation in refusing to pursue petitioner's grievance beyond the initial investigatory stage. After a hearing, during which petitioner was allowed to amend the charge to include an allegation of improper motivation on CTA's part, the Administrative Law Judge (hereinafter ALJ) dismissed the charge in its entirety. Petitioner filed exceptions with PERB *(see,* 4 NYCRR 204.10 [a], [b]), which ultimately affirmed the ALJ's decision. Petitioner commenced the instant CPLR article 78 proceeding seeking to annul PERB's determination, and Supreme Court transferred the matter to this court pursuant to CPLR 7804 (g). Supreme Court further settled the record by excluding all documents not admitted in evidence before the ALJ.

Petitioner principally challenges both the transfer order and the order of settlement as unduly restricting the record on review. He urges that since the hearing before the ALJ was not mandated by law, this proceeding is in the nature of mandamus to review and should be resolved by Supreme Court pursuant to the arbitrary and capricious standard set forth in CPLR 7803 (3). Under this standard, petitioner maintains that judicial review is not limited to the record developed at the administrative hearing, but includes all the evi-

dence before the administrative agency *(see, Matter of 125 Bar Corp. v State Liq. Auth.,* 24 NY2d 174, 178-179; 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7803.04). On this thesis, petitioner asserts that Supreme Court improperly limited the scope of review by excluding all documents not admitted into evidence before the ALJ. The excluded documents fall into two major categories: documents annexed to petitioner's exceptions raised before PERB, which were not admitted in evidence by the ALJ; and documents annexed to petitioner's verified petition in the instant CPLR article 78 proceeding, which were neither before PERB nor the ALJ. Petitioner maintains that these documents are part of the entire record subject to judicial review herein. With respect to the latter category, we simply note that since these documents were not before the administrative agency, they may not be considered part of the record on appeal *(see, Matter of Board of Educ. v Ambach,* 121 AD2d 136, 141, *supra).* The question remains whether PERB erred in failing to consider all the documentation annexed to petitioner's exceptions and, concomitantly, whether Supreme Court erred in excluding the documents submitted to PERB but not the ALJ.*

In our view, petitioner has mischaracterized the nature of this proceeding. Where an administrative agency action is taken as a result of an adjudicatory hearing, as opposed to a hearing discretionary or informational in nature, judicial review is available via a CPLR article 78 proceeding in the nature of certiorari (CPLR 7803 [4]; *Matter of Department of Envtl. Protection v Department of Envtl. Conservation,* 120 AD2d 166, 169, *lv denied* 69 NY2d 921). A question of substantial evidence is raised if the agency's findings of fact are challenged, in which event the proceeding must be transferred to this court *(supra).*

In this case, the hearing was clearly of an adjudicatory or quasi-judicial nature. While the Civil Service Law does not explicitly provide for mandatory hearings before PERB where an improper practice charge is made *(see,* Civil Service Law § 205 [5] [j]), a comprehensive regulatory scheme is set forth in 4 NYCRR part 204 which provides for a formal administrative hearing to review such charges except under limited circumstances not here applicable *(see,* 4 NYCRR 204.2 [a]). Specifi-

---

* We note that exhibit K, consisting of petitioner's verified charge filed with PERB, was admitted into evidence by the ALJ and thus improperly excluded from the record on review by Supreme Court. Such error is harmless, for the document has been included in the record before us.

cally, when a charge includes allegations that may constitute an improper practice as defined in Civil Service Law § 209-a, a *"formal hearing* for the purpose of taking evidence * * * *shall* be conducted" (4 NYCRR 204.7 [a] [emphasis supplied]). A party has the right to appear at the hearing, to be represented by counsel, to present witnesses and to introduce documentary and other evidence into the record (4 NYCRR 204.7 [d]). Significantly, the Hearing Officer is required "to inquire fully into all matters at issue to obtain a *full* and *complete record"* (4 NYCRR 204.7 [d] [emphasis supplied]). All objections to the introduction of evidence not made at the hearing are deemed waived (4 NYCRR 204.7 [h]). At the completion of the hearing, the Hearing Officer must submit his decision and the record of the case to PERB (4 NYCRR 204.9). In effect, the regulations provide a full complement of conventional due process protections. The mandatory language utilized confirms that hearings before PERB are required to resolve improper practice charges unless specific exceptions apply. Thus, the regulations satisfy the "direction by law" requirement of CPLR 7803 (4) *(see,* 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7803.07). Moreover, the very nature of the agency's determination is quasi-judicial, for a factual issue has been raised as to whether the provisions of Civil Service Law § 209-a have been violated *(see, Hecht v Monaghan,* 307 NY 461, 469; 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7803.07). Accordingly, the instant proceeding is in the nature of certiorari and was properly transferred to this court; our review is limited to assessing whether the administrative record provides substantial evidence for PERB's decision *(see, Matter of County of Nassau v State of N. Y. Pub. Employment Relations Bd.,* 103 AD2d 274, 277; *Matter of Bivins v Helsby,* 55 AD2d 230, 232, *lv denied* 41 NY2d 805).

■ Contrary to petitioner's thesis, the documents submitted to PERB and not received into evidence by the ALJ do not constitute part of the administrative record. As a general rule, it is improper for an administrative agency to base a decision of an adjudicatory nature upon evidence outside the record *(see, Matter of Simpson v Wolansky,* 38 NY2d 391; *Matter of Multari v Town of Stony Point,* 99 AD2d 838). As indicated, the governing regulations specifically mandate the development of a *full* record by the Hearing Officer *(see,* 4 NYCRR 204.7 [a], [d]). Significantly, the regulations do not provide for a de novo review by PERB. Instead, the Hearing Officer is required to submit the record of the case to PERB (4 NYCRR

204.9) and any exceptions taken must key into the record (4 NYCRR 204.10 [a], [b]). Given this framework, it becomes evident that PERB's review is limited to the record developed at the formal hearing before the ALJ, and thus petitioner's additional submissions were properly excluded.

■ Turning to the merits, we find ample support for PERB's determination that CTA did not breach its duty of fair representation. To substantiate his claim, petitioner was required to demonstrate bad faith, arbitrariness or discrimination on the part of CTA (see, Vaca v Sipes, 386 US 171, 190; Matter of Civil Serv. Bar Assn. v City of New York, 64 NY2d 188, 196; Matter of Farkas v Public Employment Relations Bd., 97 AD2d 569, lv denied 61 NY2d 601). The premise underlying petitioner's charge is that the teaching assignment to a non-social studies class violated his seniority rights as set forth in section 18.01 (k) of the collective bargaining agreement, and that CTA unreasonably failed to pursue this grievance on his behalf. This contract provision requires that a teacher's seniority rights be recognized in making class assignments where "[a]ll other factors [are] equal". The record indicates that CTA responded promptly to petitioner's initial complaint, informally contacting both his immediate supervisor and the school principal, and discerned through its preliminary investigation that all other factors besides seniority were not equal relative to petitioner's assignment. Specifically, CTA reviewed the assignments of the five individuals with less seniority than petitioner, two of whom had outside assignments in prior years, and one who was presently serving as dean of discipline. When a teacher unexpectedly resigned at the commencement of the 1984-1985 school year, the fourth social studies teacher was assigned to a psychology class. The fifth teacher was assigned to a full year of "resource room". In effect, there was evidence that the school was following an equitable rotation policy on assignments. Based on the foregoing, PERB could readily conclude that CTA's determination not to pursue the grievance was based on its assessment of the merits of petitioner's claim, and was not a perfunctory, improperly motivated disregard of his rights.

■ Petitioner's challenges to the evidentiary basis of PERB's determination are unavailing. PERB did not err in failing to consider petitioner's assertion that his assignment was in violation of the Education Law (see, Education Law §§ 3001, 3010; 8 NYCRR 80.2 [c]), for no such claim was included in the original charge or pursued at the hearing. With respect to

petitioner's improper motivation charge, the ALJ could readily refuse to consider documentation of a dispute that arose after the instant charge was filed. Finally, we observe that PERB correctly distinguished the decision rendered by the Commissioner of Education which found the District's reassignment of petitioner improper *(see, Matter of Board of Educ. v Ambach,* 121 AD2d 136, *supra)*. That decision involved a separate proceeding initiated by petitioner in which CTA was not a party. Moreover, the Commissioner did not address the issue in question, i.e., whether CTA breached its duty of fair representation *(supra,* at 140).

In sum, PERB's determination that CTA did not breach its duty of fair representation within the meaning of Civil Service Law § 209-a (2) (b) is supported by substantial evidence and should, accordingly, be confirmed.

MAIN, J. P., CASEY, YESAWICH, JR., and LEVINE, JJ., concur.

Determination confirmed, and petition dismissed, without costs.

Order affirmed, without costs.