■ In the Matter of PATRICIA A. JACKSON, Appellant, v THOMAS SOBOL, as Commissioner of Education of the State of New York, et al., Respondents.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Doran, J.), entered April 26, 1988 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review two determinations of respondent Commissioner of Education terminating petitioner from her employment.

Respondent Brunswick Central School District Board of Education (hereinafter the Board) brought charges against petitioner, a tenured secondary education teacher, for insubordination and incompetence. After a hearing, a majority of the three-member hearing panel found petitioner guilty of 9 of the 12 charges and recommended dismissal. Respondent Commissioner of Education's decision to dismiss petitioner's subsequent appeal prompted petitioner to institute this CPLR arti-

cle 78 proceeding seeking to annul the Commissioner's determination as arbitrary and capricious. Supreme Court observed that the hearing panel's findings were sufficient to sustain the charges and that petitioner failed to challenge the appropriateness of the penalty in her petition. We affirm.

The hearing panel found, with justification in the record, that petitioner entered the principal's office without permission, altered warnings contained in her personnel file without authorization, ignored established procedures for disciplining students despite prior warnings, refused to meet with a troubled student's parents, failed to send a student's parents progress reports, did not have her lesson planbook available as required by school district policy on at least three occasions, and inaccurately graded students. This consistent pattern of willful and deliberate misconduct constituted a pattern of unacceptable behavior substantial enough to support the dismissal *(see, Matter of MacDonald,* 22 Ed Dept Rep 146, 150).

And, as petitioner failed to mount a challenge to the relationship between the penalty and the offense in her CPLR article 78 petition, Supreme Court was not obligated to consider this argument *(see,* 6 NY Jur 2d, Article 78 and Related Proceedings, § 188, at 70-71). In any event, given petitioner's repeated defiance of authority, we do not find the penalty so disproportionate as to shock one's sense of fairness *(see, Matter of Board of Educ.,* 25 Ed Dept Rep 457, 461; *see generally, Matter of Pell v Board of Educ.,* 34 NY2d 222, 234; *compare, Matter of Brink,* 7 Ed Dept Rep 9, 11-12).

As for petitioner's contention that Supreme Court failed to assign sufficient weight to a Public Employment Relations Board decision—which found that the Board violated Civil Service Law § 209-a (1) (a)—it suffices to note that the decision of the Public Employment Relations Board was neither relied upon nor brought to the Commissioner's attention and, hence, could not properly be considered by the court *(see, Matter of Board of Educ. v Ambach,* 121 AD2d 136, 141, *revd on other grounds* 70 NY2d 501, *cert denied sub nom. Margolin v Board of Educ.,* 485 US 1034; *Matter of Yanoff v Commissioner of Educ. of State of N. Y.,* 64 AD2d 763).

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.