■ In the Matter of FRANK DE COTIS et al., Appellants, v DONNA MALINOSKI, Respondent. [675 NYS2d 207] —Carpinello, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered April 1, 1997, which denied petitioners' application to settle the record on appeal and transcript.

Petitioners commenced this modification of custody proceeding hoping to retain custody of their grandson. Respondent, the child's mother, opposed the petition, which Family Court dismissed in November 1996. After filing a notice of appeal, petitioners assembled a proposed record on appeal, to which respondent objected. Specifically, respondent argued that some of the documents included in the proposed record were irrelevant to the appeal and should have been excluded. Petitioners moved for an order settling the record on appeal and the transcript of fact-finding proceedings. Family Court denied the motion and struck certain pages from the proposed record. This appeal ensued.

We affirm. Initially, we disagree with the Law Guardian's position that because the child is now living with petitioners, this appeal is moot. The mere fact that the child is now living with petitioners, despite the existing order awarding respondent custody, does not necessitate a withdrawal of the modification petition as his presence in petitioners' home does not give petitioners custody, or any of the benefits or responsibilities of

being a custodial parent. Indeed, as custodial parent, respondent could chose to demand the child's return to her custody.

In regard to petitioners' contentions, Family Court denied their motion to settle the transcript of the fact-finding proceedings because no settlement was reached due to petitioners' failure to forward the transcript to the Law Guardian (*see*, CPLR 5525 [c]). Contrary to petitioners' assertions, the Law Guardian is included as a party to the proceeding to whom the transcript must first be forwarded before a motion to settle a transcript can be brought (*see generally*, *Matter of Machukas v Wagner*, 246 AD2d 840). Therefore, because petitioners failed to exhaust the procedure described in CPLR 5525 (c), Family Court properly denied their motion to settle the transcript.

Family Court also denied petitioners' motion to settle the record because the proposed record included documents that related to a proceeding not relevant to the appeal, pleadings lacking a party's verification, incomplete documents, documents not in evidence or properly part of the record and documents not properly before Family Court in the underlying proceeding, and, as a result, expunged the documents from the record. Petitioners argue that the documents were relevant to the underlying appeal because of the long and involved history of the custody dispute. We disagree. Documents or information that were not before Family Court cannot be considered by this Court on appeal (*see*, CPLR 5017 [b]; *Matter of D.B.S. Realty v New York State Dept. of Envtl. Conservation*, 201 AD2d 168; *Matter of Jackson v Sobol*, 170 AD2d 718, 719; *Matter of Gane v Ambach*, 135 AD2d 1013, 1014; *Matter of Yanoff v Commissioner of Educ. of State of N. Y.*, 64 AD2d 763). Accordingly, Family Court did not err by denying petitioners' motion to settle the record based on petitioners' attempt to include pages which were properly struck from the record.

We have reviewed petitioners' remaining contentions and find them to be without merit.

Cardona, P. J., Mikoll, White and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.