In the Matter of the Estate of GLORIA PUTNAM, Deceased. CHARLES H. SCHAEFER, as Temporary Administrator of the Estate of GLORIA PUTNAM, Deceased, Respondent; SANDRA GOODMAN, Now Known as SANDRA HAJAK, Appellant. [891 NYS2d 701]—

Rose, J.

Petitioner, the administrator of decedent's estate, commenced this proceeding pursuant to SCPA 2103 against respondent, decedent's daughter, to recover certain moneys for the estate. Petitioner asserted that, among other things, respondent had improperly used a power of attorney executed by decedent to transfer certain of decedent's bank accounts to herself before and after decedent's death. After thoroughly reviewing the accounts and the dates on which their ownership was changed or their proceeds were withdrawn, Surrogate's Court found that respondent had improperly used the power of attorney to withdraw and retain moneys that belonged to decedent's estate or her beneficiaries, and ordered respondent to return a total of $25,881.16. Respondent appeals.

Initially, respondent does not dispute that certain bank documents in the record on appeal were not part of the record before Surrogate's Court. Accordingly, neither they nor the arguments based upon them can be considered on this appeal (*see* CPLR 5017 [b]; 5526; *Gui's Lbr. & Home Ctr., Inc. v Pennsylvania Lumbermens Mut. Ins. Co.*, 55 AD3d 1389, 1390 [2008]; *Matter of De Cotis v Malinoski*, 252 AD2d 646, 647 [1998]; *Matter of Yanoff v Commissioner of Educ. of State of N.Y.*, 64 AD2d 763, 763 [1978]).

Turning to the merits, respondent contends that she overcame the presumption of impropriety and self-dealing (*see Matter of Audrey Carlson Revocable Trust*, 59 AD3d 538, 540 [2009]; *Mantella v Mantella*, 268 AD2d 852, 852-853 [2000]) by establishing that decedent had authorized her actions. Surrogate's Court, however, rejected respondent's testimony that she had made herself the sole beneficiary of the accounts with decedent's permission. Giving due deference to the court's assessment of credibility issues (*see Matter of Breistol*, 64 AD3d 1122, 1123 [2009]; *Matter of Hyde*, 44 AD3d 1195, 1198 [2007], *lv denied* 9 NY3d 1027 [2008]), we cannot conclude that the record fails to support its finding that respondent misused the power of attorney or its allocation of the disputed funds.

Respondent also argues that she should have been credited more than the $2,000 allowed by Surrogate's Court towards the purchase price of the vehicle that she agreed to buy from the estate because its value substantially decreased between the time of purchase and its delivery to her. She was not entitled to any additional credit, however, inasmuch as she presented no evidence of any greater decrease in the vehicle's value (*see e.g. Haber v Gutmann*, 64 AD3d 1106, 1108 [2009], *lv denied* 13

NY3d 711 [2009]). Respondent's remaining contentions have been considered and found to be unpreserved or without merit.

Mercure, J.P., Spain, Kane and Garry, JJ., concur. Ordered that the decree is affirmed, with costs.