In the Matter of KENNETH RIPP, Petitioner, v NEW YORK STATE AND LOCAL POLICE AND FIRE RETIREMENT SYSTEM, Respondent. [24 NYS3d 803]—

Lynch, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller denying petitioner's application for accidental disability retirement benefits.

In 2006, petitioner, a police detective, sustained injuries to his left hand and both of his knees when the subject of an investigation caused him to fall several feet over a porch railing. In 2008, shortly after returning to full-duty work, petitioner fractured his left thumb, tore ligaments in his left hand and sustained injuries to both of his knees while trying to subdue a perpetrator that was resisting arrest. With respect to the 2006 and 2008 incidents, petitioner separately applied for accidental disability retirement benefits, asserting that the injuries he sustained prevented him from performing his job duties. Respondent disapproved each application and, following a rehearing and redetermination, a Hearing Officer concluded that that 2008 incident did not constitute an accident as defined under Retirement and Social Security Law § 363 and that, although petitioner was permanently incapacitated from the performance of his duties, such permanent incapacitation was not the natural and proximate result of the 2006 incident. The Comptroller accepted the Hearing Officer's findings and conclusions and denied petitioner's application, prompting this CPLR article 78 proceeding.[1]

At the hearing, respondent conceded that the 2006 incident constituted an accident under the Retirement and Social Security Law. Therefore, as an applicant for accidental disability retirement benefits, petitioner bore the burden of " 'demonstrating that he was incapacitated from the performance of duty as the natural and proximate result' " of the 2006 accident (*Matter of Ferris v DiNapoli*, 92 AD3d 1079, 1080 [2012], quoting *Matter of Feeney v DiNapoli*, 68 AD3d 1425, 1426 [2009]). Petitioner's testimony that he requires additional surgeries, is unable to perform the duties of his job, including

1. Petitioner raises no challenge in his brief to the Comptroller's determination that the 2008 incident does not constitute an accident for purposes of Retirement and Social Security Law § 363.

simple tasks involving the use of his left hand, will never be restored to full-duty work and cannot perform the duties of a police detective when assigned to light-duty work constitutes substantial evidence supporting the determination that petitioner is permanently incapacitated from the performance of his job as a police detective.

However, petitioner failed to satisfy his burden of proving that the injuries he sustained in the 2006 accident were the proximate cause of his permanent incapacitation. While John Mazella, the orthopedic surgeon who evaluated petitioner on behalf of respondent, concluded that the 2006 accident was "the competent producing cause" of petitioner's left knee pain, he did not assert that the injuries that petitioner sustained in the 2006 accident had caused permanent incapacitation. Additionally, Carol Morris, the orthopedic surgeon who treated petitioner for right knee injuries he sustained in a recreational activity in 2010, merely stated that the 2006 accident "directly contributed to his . . . right knee injury" and did not opine as to whether petitioner was permanently incapacitated from performing his job duties.[2] Moreover, petitioner testified that he stopped working full duty as a result of his left thumb surgery, not his knee conditions. Inasmuch as petitioner sustained injuries to his knees and left hand on one or more occasions after the 2006 accident, substantial evidence supports the determination that petitioner did not sustain his burden of establishing the causal relationship between his permanent incapacitation and the 2006 accident (*see Matter of Emerson v DiNapoli*, 72 AD3d 1321, 1322 [2010]; *Matter of Musilli v New York State & Local Police & Fire Retirement Sys.*, 268 AD2d 788, 789 [2000]).

McCarthy, J.P., Egan Jr. and Clark, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

2. The two letters, dated August 5, 2013 and August 11, 2013, attached to the petition were not a part of the record upon which the Comptroller's determination was made and, therefore, were not considered by this Court (*see Matter of Jackson v Sobol*, 170 AD2d 718, 719 [1991]; *Matter of Yanoff v Commissioner of Educ. of State of N.Y.*, 64 AD2d 763, 763 [1978]).