Matter of Nissan Motor Acceptance Corp v All County Towing (2018 NY Slip Op 03583)





Matter of Nissan Motor Acceptance Corp v All County Towing


2018 NY Slip Op 03583


Decided on May 17, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2018

525390

[*1]In the Matter of NISSAN MOTOR ACCEPTANCE CORP., Respondent,
v
ALL COUNTY TOWING, Appellant, et al., Respondent.

Calendar Date: March 30, 2018

Before: McCarthy, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Peter B. O'Connell, Albany, for appellant.
Law Offices of Rudolph J. Meola, Albany (Rudolph J. Meola of counsel), for Nissan Motor Acceptance Corp., respondent.


Clark, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Platkin, J.), entered October 18, 2016 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to Lien Law § 201-a, to declare a lien of respondent All County Towing to be null and void.
On December 22, 2015, at the direction of local law enforcement, respondent All County Towing (hereinafter
respondent)[FN1] towed a vehicle to its facility. Shortly thereafter, respondent mailed — by certified mail, return receipt requested — a notice to the owner of the vehicle and to petitioner, a lienholder, advising that it had taken custody of the vehicle as a result of police impound, that storage fees were accruing daily and that once the vehicle was released from police impound, it could be retrieved "upon full payment of all charges accrued" as of the date of release. In April 2016, by order to show cause and petition, petitioner commenced this special proceeding to, [*2]among other things, declare respondent's lien null and void. Upon the posting of a $10,000 bond, respondent released the vehicle to petitioner.
Respondent subsequently joined issue and asserted, as an affirmative defense, that it had fully complied with the requirements of the Lien Law and was entitled to a lien in the amount of $6,501.51, which included $200 for towing, $5,750 for 115 days of storage, an administrative fee and taxes. Supreme Court granted the petition to the extent of adjudging that the purported lien for storage was invalid, dismissed the petition to the extent of declaring that respondent had a valid lien for towing and ordered that, upon petitioner paying respondent the $200 charge for towing, the asserted lien would be satisfied, all stays terminated and the bond released. Respondent now appeals.[FN2]
Initially, we reject respondent's assertion that Supreme Court should not have addressed petitioner's argument that the notice of lien did not comply with the statutory requirements set forth in Lien Law § 184 (5) on the basis that petitioner first raised such argument in its reply affirmation. While arguments may not be properly raised for the first time in a reply affirmation (see 10 Cardinal Lane, LLC v N.K.T. Land Acquisitions, Inc., 117 AD3d 1133, 1136 n 2 [2014]; Potter v Blue Shield of Northeastern N.Y., 216 AD2d 773, 775 [1995]), a review of the petition reveals that petitioner did in fact raise the issue in its petition by stating that respondent "failed to provide the notices required" under Lien Law § 184 (5). Accordingly, the question of whether respondent complied with the statutory requirements was properly before Supreme Court.
As to the merits, we agree with Supreme Court that respondent's purported lien for storage was invalid. Pursuant to Lien Law § 184 (5), where an entity seeks to assert a lien for the storage of a motor vehicle that it has towed and stored at the direction of a law enforcement agency, such entity must "mail by certified mail, return receipt requested, a notice . . . to every person who has perfected a security interest in such motor vehicle or who is listed as a lienholder upon the certificate of title . . . within [20] days of the first day of storage." Under the statute, which must be strictly construed (see Matter of Ally Fin. Inc. v Oakes Towing Serv., Inc., 130 AD3d 1355, 1356 [2015]; Grant St. Constr., Inc. v Cortland Paving Co., Inc., 55 AD3d 1106, 1107 [2008]; Phillips v Catania, 155 AD2d 866, 866 [1989]), the "notice shall include the name of the [entity] providing storage of the motor vehicle, the amount being claimed for such storage, and [the] address and times at which the motor vehicle may be recovered" (Lien Law § 184 [5]). In addition, "[t]he notice shall also state that the [entity] providing such notice claims a lien on the motor vehicle and that such motor vehicle shall be released upon full payment of all storage [*3]charges accrued on the date the motor vehicle is released" (Lien Law § 184 [5]).
Here, the notice — which was mailed to petitioner by certified mail, return receipt requested — included respondent's name, address and regular business hours, as well as the total amount being claimed for storage. The notice further stated that the vehicle would "be released to the owner thereof, or his or her lawfully designed [sic] representative upon full payment of all charges accrued to the date that the said motor vehicle is released." Fatally, however, the notice did not state, as required, that respondent "claim[ed] a lien" on the vehicle (Lien Law § 184 [5]). The word "lien" does not appear in the notice at all. Moreover, we are not persuaded by respondent's contention that the requirement was satisfied by the language indicating that the vehicle would be released "upon full payment of all charges." Strictly construed, Lien Law § 184 (5) requires that the notice state both that respondent "claims a lien on the motor vehicle and that such motor vehicle shall be released upon full payment of all storage charges accrued on the date the motor vehicle is released" (emphasis added). Accordingly, as the notice failed to state that respondent claimed a lien on the vehicle, Supreme Court properly found that respondent failed to comply with all of the essential statutory requirements of Lien Law § 184 (5) and, thus, that the purported notice of lien was invalid (see Lien Law § 184 [5]; compare Matter of Ally Fin. Inc. v Oakes Towing Serv., Inc., 130 AD3d at 1357).
McCarthy, J.P., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, with costs.



Footnotes

Footnote 1: For the purpose of freezing the vehicle's title during the pendency of this special proceeding, petitioner also named the Department of Motor Vehicles as a respondent. By letter, the Department has informed this Court that it is neither submitting a brief nor taking a position on this appeal.

Footnote 2: Although respondent's CPLR 5531 statement indicates that it is also appealing a February 2017 order denying its motion to reargue, a notice of appeal from that order is not included in the record on appeal (see Matter of Brennan v Anesi, 283 AD2d 693, 694 n 2 [2001]) and, in any event, no appeal lies from the denial of a motion to reargue (see Schillaci v Sarris, 122 AD3d 1085, 1087 [2014]; Matter of Nowlin v Schriver, 278 AD2d 631, 632 [2000], lv denied 96 NY2d 711 [2001]). The supporting affirmation and exhibits from respondent's motion to reargue are improperly included in the record on appeal and, therefore, "neither they nor the arguments based upon them can be considered on this appeal" (Matter of Putnam, 68 AD3d 1614, 1615 [2009]; see CPLR 5017 [b]; 5526; Matter of De Cotis v Malinoski, 252 AD2d 646, 647 [1998]).