Matter of Ally Fin., Inc. v All County Towing & Recovery (2018 NY Slip Op 04623)





Matter of Ally Fin., Inc. v All County Towing & Recovery


2018 NY Slip Op 04623


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018

525733

[*1]In the Matter of ALLY FINANCIAL, INC., Respondent,
v
ALL COUNTY TOWING AND RECOVERY, Appellant, et al., Respondent.

Calendar Date: April 27, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Peter B. O'Connell, Albany, for appellant.
Rudolph J. Meola, Albany, for Ally Financial, Inc., respondent.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Ferreira, J.), entered December 16, 2016 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to Lien Law § 201-a, to declare a garagekeeper's lien null and void.
On February 10, 2016, respondent All County Towing and Recovery (hereinafter respondent) towed a vehicle to its facility at the direction of law enforcement. Shortly thereafter, respondent mailed a notice to the owner of the vehicle and to petitioner, a lienholder, advising that it had taken custody of the vehicle as a result of police impound, that storage fees were accruing daily and that once the vehicle was released from police impound, it could be retrieved "upon full payment of all charges accrued" as of the date of release. Petitioner thereafter commenced this proceeding seeking, among other things, invalidation of the lien asserted by respondent. After joinder of issue, Supreme Court declared the purported lien to be invalid. Respondent appeals.
The notice that respondent sent in this case was identical in format to the notice that it sent to the owner and lienholder in Matter of Nissan Acceptance Corp. v All County Towing (___ AD3d ___, 2018 NY Slip Op 03583 [2018]), recently decided by this Court. Notably, in both cases, the notice did not state that respondent claimed a lien on the vehicle, as required to [*2]validly assert a lien pursuant to Lien Law § 184 (5)[FN1]. Thus, Supreme Court properly declared the purported lien to be invalid (see id. at slip op p *2). Our determination renders respondent's remaining contentions academic.
McCarthy, J.P., Egan Jr., Devine and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed, with costs.



Footnotes

Footnote 1:Petitioner raised this argument before Supreme Court and in its brief on appeal.