Matter of Trager v New York State Comptroller (2020 NY Slip Op 06435)





Matter of Trager v New York State Comptroller


2020 NY Slip Op 06435


Decided on November 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

531234

[*1]In the Matter of Gregg Trager, Petitioner,
v
New York State Comptroller et al., Respondents.

Calendar Date: October 20, 2020

Before: Garry, P.J., Lynch, Clark, Devine and Reynolds Fitzgerald, JJ.


Edelstein & Grossman, New York City (Jonathan I. Edelstein of counsel), for petitioner.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for respondents.



Garry, P.J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for accidental disability retirement benefits.
Petitioner worked as a police officer for the Suffolk County Sherriff's Department for approximately 18 years. On July 4, 2006, he had an altercation with a prisoner when the prisoner kicked him in the left ankle while attempting to reach for petitioner's gun. After initial treatment at the hospital, petitioner had continued symptoms, including swelling, and so consulted an orthopedic surgeon the following day. An MRI of petitioner's left ankle revealed that he had a preexisting osteochondral lesion in the medial talar dome, a partial tear of the peroneus brevis tendon and effusion in the subtalar joint. In September 2006, his surgeon cleared him to return to work, but required him to wear supportive boots.
Petitioner complied with his surgeon's instructions and returned to work. On February 21, 2007, he injured his left ankle again when it buckled while he was attempting to subdue a combative individual. He subsequently had multiple surgeries on his left ankle. In addition, he sustained other injuries related to the weakness in his left ankle, including a right ankle injury and a shoulder injury that occurred when he fell down the stairs in May 2017.
In June 2017, petitioner filed an application for accidental disability retirement benefits based on injuries to his left ankle and foot, right ankle and foot, and left shoulder that he claims resulted from the July 4, 2006 incident. Respondent New York State and Local Police and Fire Retirement System denied his application. Following a hearing, a Hearing Officer upheld this determination finding, among other things, that petitioner failed to prove that his permanent disability was caused by the July 4, 2006 incident. Respondent Comptroller adopted the Hearing Officer's findings and upheld the denial of benefits. This CPLR article 78 proceeding ensued.
Initially, respondents concede that petitioner was injured in an accident and that he is permanently incapacitated from performing his duties as a police officer. Thus, the only issue before us is whether petitioner's permanent disability was caused by the injury that he sustained to his left ankle on July 4, 2006. "In this regard, petitioner bore the burden of proving causation . . . i.e., that his incapacitation was the natural and proximate result of an accident sustained in service" (Matter of Studdert v New York State Comptroller, 163 AD3d 1343, 1344 [2018] [internal quotation marks, brackets and citations omitted]; see Matter of Hanon v DiNapoli, 171 AD3d 1431, 1433 [2019]; Matter of Emerson v DiNapoli, 72 AD3d 1321, 1322 [2010]). Significantly, where there is conflicting medical evidence on the issue of causation, "the Comptroller is vested with the exclusive authority to weigh such evidence and credit the opinion of one medical expert over the other" (Matter of Solarino v DiNapoli, 171 AD3d 1434, 1435 [2019] [internal quotation marks and citations omitted]; see Matter of Hanon v DiNapoli, 171 AD3d at 1433; Matter of Studdert v New York State Comptroller, 163 AD3d at 1345).
Here, two medical experts provided testimony on causation at the hearing. John Feder, petitioner's treating orthopedist, first saw petitioner in 2011 for instability and locking in his bilateral ankles, and subsequently performed three surgeries. He stated that the MRI performed a few days after the July 4, 2006 incident revealed that petitioner had a preexisting osteochondral defect of the medial talar that was traumatized during petitioner's altercation with the prisoner. He stated that the MRI also showed that petitioner had a partial tear of the peroneus brevis tendon that resulted from the same incident. In his written report, he noted that the effusion in petitioner's subtalar joint was also exacerbated by the incident. Feder recounted the injuries to other body parts that petitioner sustained due to the weakness in his left ankle, including his right ankle, left shoulder and back. He noted that petitioner's medical history did not disclose that he had any problems with his left ankle prior to July 4, 2006. Accordingly, he opined that petitioner's disability was causally related to the July 4, 2006 incident.
Teresa Habacker, the orthopedist retained by the Retirement System, conducted a medical examination of petitioner after reviewing his medical records. She stated that the tear in petitioner's peroneus brevis tendon was a sprain that was not definitively caused by the July 4, 2006 incident and would heal on its own. She further stated that the subtalar joint effusion correlated with petitioner's preexisting osteochrondral injury and was not likely caused by trauma. According to her, petitioner's left ankle was arthritic. She found it significant that an X ray of petitioner's ankle taken at the hospital was normal and did not show any swelling, and that petitioner returned to full time duty two months after the injury. Consequently, she opined that that petitioner's disability was not caused by the July 4, 2006 incident.
Although petitioner challenges the sufficiency of the medical evidence, Habacker "provided a rational, fact-based opinion upon which the Comptroller was free to rely" (Matter of Studdert v New York State Comptroller, 163 AD3d at 1346 [internal quotation marks and citations omitted]; see Matter of Solarino v DiNapoli, 171 AD3d at 1437; Matter of Kaufman v Murray, 85 AD3d 1534, 1535 [2011]). In view of this, and given that petitioner returned to full-time duty and sustained numerous other injuries during the 11-year period between his initial left ankle injury and his application for benefits, substantial evidence supports the Comptroller's finding that petitioner failed to establish a causal relationship between his permanent disability and the July 4, 2006 incident (see Matter of Chacon v O'Neill, 175 AD3d 426, 427 [2019]; Matter of Ripp v New York State & Local Police & Fire Retirement Sys., 136 AD3d 1143, 1144 [2016]). Therefore, we decline to disturb the Comptroller's determination.
Lynch, Clark, Devine and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.