■ In the Matter of THOMAS PIAZZA, Petitioner, v GORDON AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Education, which directed that petitioner be suspended without pay for one school year. Petitioner, a 12-year tenured mathematics school teacher, was charged with incompetence and insubordination detailed in 23 specifications. Following a hearing pursuant to section 3020-a of the Education Law, the panel found petitioner innocent of certain charges, but guilty of failing to maintain class discipline, failure to keep proper records, and one charge of insubordination characterized not to be of a serious nature. The penalty recommended was a 60-day suspension without pay. The school district appealed to the commissioner contending that the penalty was inadequate. The commissioner upheld the panel's findings, but, disregarding their recommended penalty, imposed suspension for the equivalent of one school year, without pay. In this CPLR article 78 proceeding, petitioner's sole contention of error is that the commissioner's consideration of improper evidence before him rendered his determination arbitrary and capricious. Initially, we note that the proceeding was improperly transferred to this court since there was no hearing before the commissioner, none being required (see CPLR 7803, subd 4). This court, however, by reason of the transfer, is now required to determine all the issues (CPLR 7804, subd [g]; *Matter of Shurgin v Ambach,* 83 AD2d 665, 666, affd 56 NY2d 700). The verified petition by school district superintendent Maiden submitted to the commissioner contained

recitation of two previous suspensions imposed upon petitioner together with a statement containing 88 charges of misconduct which he allegedly would have levied in 1976, had petitioner not accepted a penalty of suspension. Objections to the school district's attempt to introduce these matters into evidence at the section 3020-a hearing had been sustained by the panel chairman. Petitioner now argues that the inclusion of these matters in the appeal to the commissioner despite his objections thereto, tainted the appeal proceedings, and, although no reference thereto is contained in the commissioner's determination, that the determination is arbitrary and capricious. We disagree. In his determination, the commissioner stated that he concurred in the hearing panel's decision that charges of incompetence were not proven and that the record contains substantial evidence that petitioner failed to maintain proper student discipline and proper records of class work and attendance. He rejected the penalty of termination sought by the school district as drastic and gave sufficient reasons for substituting a one-year suspension instead of the recommended 60-day suspension. Under article 7 of the Education Law, and in particular section 310 thereof, the Commissioner of Education is given broad authority in terms of reviewing determinations made within the educational system and that authority will not be overturned unless it is arbitrary, capricious or lacks support in the record (*Matter of Shurgin v Ambach,* 56 NY2d 700, 702, *supra; Matter of Chauvel v Nyquist,* 43 NY2d 48, 52). We find no indication that respondent commissioner relied upon or gave credence to those matters to which petitioner made objections, nor that the determination was in any manner tainted by their presence in the petition before him. We further find that the imposition of a penalty different from that recommended by the hearing panel was proper. The commissioner is empowered to substitute his judgment of the proper penalty for that of the hearing panel whose action he was reviewing (*Matter of Levyn v Ambach,* 56 NY2d 912; *Matter of Shurgin v Ambach,* 56 NY2d 700, *supra*). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Weiss, JJ., concur.