■ In the Matter of HERBERT GOULD, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law, § 6510-a, subd 4) to annul a determination of the Commissioner of Education which revoked petitioner's license to practice medicine in New York State. ¶ Petitioner, an ophthalmologist licensed to practice medicine in New York State, was charged in four specifications with professional misconduct under subdivisions (2) and (4) of section 6509 of the Education Law. After petitioner denied the charges, a hearing was held before a committee of the State Board of Professional Medical Conduct (hearing committee), which found petitioner guilty of certain of the charges and determined that his license should be revoked. The Commissioner of Health thereafter recommended that the hearing committee's report be adopted. The Regents Review Committee, however, recommended that all charges against petitioner be dismissed for lack of substantial evidence and that, in any event, petitioner be found not guilty of the fourth specification because the acts alleged therein occurred prior to the effective date of the rules which were alleged to have been violated. Respondent Board of Regents determined that petitioner was guilty of 10 acts of negligence and incompetence on more than one occasion (Education Law, § 6509, subd [2]) as charged in the second specification and ordered that petitioner's license be revoked, which was done by respondent Commissioner of Education. Petitioner then commenced his proceeding to review the determination. ¶ Initially, we reject petitioner's claim that the standard of proof in a professional license revocation proceeding must be "clear and convincing proof" to comport with due process requirements (cf. *Steadman v Securities & Exch. Comm.*, 450 US 91; *Matter of Polk*, 90 NJ 550, 560-569). It is also apparent that sufficient evidence was presented to satisfy the standard of proof before the hearing committee (see Public Health Law, § 230, subd 10, par [f]; Education Law, § 6510, subd 2, par b). Petitioner's claim that the terms "negligence" and "incompetence" are unconstitutionally vague is also without merit for the Legislature had never been required to "enumerate the precise deviations which it considers unworthy of a particular profession" (*Matter of Gold v Lomenzo*, 29 NY2d 468, 477-478), the standards of the profession serving as guides for the practitioners thereof. Furthermore, petitioner's due process rights were not compromised by the attendance of the director of the Office of Professional Medical Conduct at the preliminary deliberations of respondent Board of Regents on petitioner's case. The director attests that she merely observed the proceedings and took no part in them, and petitioner's unsubstantiated assertion of bias resulting from such attendance does not overcome the presumption of honesty and integrity which respondent Board of Regents, as an administrative body, enjoys (see *Withrow v Larkin*, 421 US 35, 47). ¶ We further find that respondents' determination is supported by substantial evidence. The testimony adduced at the hearing was technical and conflicting and we cannot say that respondents abused their discretion in resolving the matter against petitioner. We note, though, that certain of the acts alleged as incompetence occurred prior to the September 1, 1975 effective date of the amendment which added "or incompetence [on] more than one occasion" to subdivision (2) of section 6509 of the Education Law as part of the definition of professional misconduct (L 1975, ch 109, §§ 30, 37). Such acts of incompetence alleged in the second specification in paragraphs c, e, f, i, j and k, cannot be sustained as professional misconduct inasmuch as incompetence did not constitute such misconduct at the time these acts were performed. Thus,

the finding of guilty on the second specification can be sustained on 10 acts of negligence (pars a-c, e-k) but on only 4 acts of incompetence (pars a, b, g, h), rather than 10 acts of each as determined by respondents. Considering the divergence between the number of acts determined to be negligence and incompetence by respondents and the number which can be sustained, it would be appropriate for respondents to reconsider the penalty in light of the number of acts of professional misconduct which are sustained herein. We express no view as to whether revocation of petitioner's license or some other penalty is warranted. ¶ Determination annulled, and matter remitted to the Commissioner of Education for further proceedings not inconsistent herewith, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.