■ In the Matter of RONALD G. WOHL, Respondent, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Cobb, J.), entered March 29, 1984 in Albany County, which granted petitioner's application, in a

proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Education prohibiting petitioner from attending meetings, as an observer, of the Roslyn Union Free School District's Committee on the Handicapped.

In this proceeding petitioner, a member of the Board of Education of the Roslyn Union Free School District in Nassau County, seeks permission to attend meetings of that district's Committee on the Handicapped (COH). The COH is a statutorily mandated body, subordinate to the Board of Education, which is required to determine the existence and nature of handicapping conditions and to make recommendations to the board for review and appropriate action (see Education Law, § 4402). These recommendations are forwarded in letter form and no other written communications are made; nor are the minutes of any meeting kept.

The school board, apparently on the advice of counsel, and the Commissioner of Education both denied petitioner's request for permission to attend meetings of the COH. In doing so the commissioner, in part, relied on his conclusion that the petitioner's presence as a board member at the COH meetings "may unduly influence the deliberations of the COH and affect its final recommendations to the Board". Significantly, the board has the power to terminate a member of the COH, and petitioner admits that his presence at the meetings would assist the board in any COH evaluations.

On these undisputed facts and circumstances alone, the commissioner's decision is clearly rational. Surely a full and open discussion of COH business would be chilled, if not prevented, by petitioner's presence as a board member whose views and interpretations of the conduct of the meeting would be immediately and unilaterally reported to his board. In all likelihood, petitioner's report would be given more weight than his individual board membership permits, for he would be speaking as a first-hand observer of events otherwise unrecorded. If the board were considering the removal of a committee member, petitioner's description of that member's conduct at the COH meetings would more likely be accepted. Both from the aspect of his effect on the committee members at these meetings and his influence on the decisions of the board in regard thereto, petitioner's presence would be detrimental to the purposes and objectives of both bodies, and the commissioner's decision to prevent petitioner's attendance, even as a mere observer, was rational.

Since the commissioner has broad authority in reviewing determinations made within the educational system, and since

the commissioner's exercise of that authority will not be disturbed unless it is arbitrary, capricious or lacks support in the record (*Matter of Piazza v Ambach,* 92 AD2d 681, 682), the determination herein must be confirmed in view of the rational basis articulated by the commissioner. In so concluding, it is unnecessary to consider whether petitioner's presence would create a "conflict of interest" under *People ex rel. Ryan v Green* (58 NY 295), an additional ground advanced by the commissioner. Accordingly, the judgment of Special Term should be reversed and the petition dismissed.

Judgment reversed, on the law, without costs, determination confirmed, and petition dismissed. Mahoney, P. J., Casey, and Harvey, JJ., concur.

Weiss, J., dissents and votes to modify in the following memorandum. Weiss, J. (dissenting). I respectfully dissent. The pivotal factor in this matter is that petitioner seeks to attend meetings of the Committee on the Handicapped (COH) as an observer, not a participant. In this capacity, it is difficult to perceive how his presence would serve to unduly influence the deliberations of either the COH or the Board of Education, as the majority is prepared to assume. To the contrary, this court recently adhered to the principle that there is a presumption of honesty and integrity that inures to the benefit of the board members, as well as the COH (*Matter of Gould v Board of Regents,* 103 AD2d 897; see *Withrow v Larkin,* 421 US 35, 47). In my view, no procedural due process rights would be compromised by petitioner's attendance at the COH meetings. While the majority does not reach this point, I further find no conflict of interest under *People ex rel. Ryan v Green* (58 NY 295) in the roles petitioner seeks to assume. Again, petitioner requests authority to act as an observer, not to hold a second position as a member of the COH (see *Matter of Asman v Ambach,* 98 AD2d 847, 848-849).

Having concluded that the determination of the Commissioner of Education was correctly annulled by Special Term, it becomes necessary to note that Special Term did err in remitting the decision for further clarification of the commissioner's reference to "individual pending cases" since that area was beyond the particular relief requested here. Thus, the judgment of Special Term should be modified by reversing so much thereof as directed a remittal, and, as so modified, affirmed.