■ In the Matter of DONALD A. GANE, Respondent, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, Appellant, et al., Respondents.—Main, J. P. Appeal from an order of the Supreme Court (Kahn, J.), entered April 15, 1987 in Albany County, which in a proceeding pursuant to CPLR article 78, remitted the matter to respondent Commissioner of Education for further proceedings.

Petitioner, the Director of Parks for the City of North Tonawanda in Niagara County, was elected to the North Tonawanda Board of Education in 1986. Respondent William H. Gardiner, who was defeated by petitioner in the election, thereafter petitioned respondent Commissioner of Education (hereinafter the Commissioner) to declare petitioner's election a nullity under Education Law § 2502 (7), which, in a city the size of North Tonawanda, prohibits a person from simultaneously holding the office of member of the Board of Education and any city office other than policeman or fireman. The Commissioner reviewed the Charter of the City of North Tonawanda (hereinafter the City Charter) and the nature of the duties and powers of the Director of Parks; he determined that the position of Director of Parks constituted a city office and ordered petitioner either to resign from the office of Director of Parks or to be deemed to have relinquished membership on the Board of Education.

Petitioner then commenced this CPLR article 78 proceeding to challenge the Commissioner's determination. Petitioner included with his petition various materials not previously submitted during administrative consideration of this matter. The Commissioner answered, claiming that his determination was proper and that the new submissions could not properly be considered by Supreme Court. Supreme Court remitted the matter for the consideration of petitioner's submissions. The Commissioner appeals.

Preliminarily, we note that the appeal is taken from a nonfinal order, which is not reviewable in a CPLR article 78 proceeding except by permission (CPLR 5701 [b] [1]; [c]). Petitioner has failed, however, to move to dismiss the appeal on this ground and we recognize the importance to the orderly

functioning of the North Tonawanda Board of Education of resolving the matter. Accordingly, we shall invoke our authority to grant permission to appeal *sua sponte (see, Matter of Swartz v Wallace,* 87 AD2d 926, 927).

On the merits, although Supreme Court, citing *Matter of 50 Plaza Co. v New York City Conciliation & Appeals Bd.* (104 AD2d 886), properly noted that it may remit an administrative determination for further proceedings, we have consistently held that exhibits and affidavits not presented to the Commissioner for his consideration cannot be considered in the subsequent judicial proceedings *(see, e.g., Matter of Board of Educ. v Ambach,* 121 AD2d 136, 141). We believe that this limitation on the evidence to be considered during judicial review of a determination by the Commissioner is especially appropriate where, as here, no explanation is offered for the failure to submit the evidence during the administrative proceedings and, although administrative procedures authorize further consideration under specified circumstances (8 NYCRR 276.8), no attempt is made for such further review. Thus, Supreme Court should not have remitted the matter to the Commissioner for further proceedings and we shall proceed with review of the challenged determination *(see,* CPLR 7804 [g]).

On the merits, we cannot say that the Commissioner's determination was arbitrary, capricious and without rational basis *(see, e.g., Matter of Gundrum v Ambach,* 55 NY2d 872; *Matter of Piazza v Ambach,* 92 AD2d 681). The City Charter, albeit without consistency, does refer to the Director of Parks as an officer, and the duties associated with that position entail significant discretion. These factors tend to indicate that petitioner occupies a public office as Director of Parks *(see, e.g.,* 18 NY Jur 2d, Civil Servants and Other Public Officers and Employees, §§ 3, 4, at 538-543). We further note that the positions of policeman and fireman are not designated as public offices in the City Charter, but are obviously meant to be such by their specific references and exceptions in Education Law § 2502 (7), thereby indicating the broad scope of "public offices" thereunder. With these facts prevailing and considering our limited power of review, we do not find cause to annul the Commissioner's determination.

Order reversed, on the law, without costs, determination confirmed and petition dismissed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.