■ In the Matter of LEWISTON-PORTER CENTRAL SCHOOL DISTRICT, Appellant, v THOMAS SOBOL, as Commissioner of Education, et al., Respondents.—Harvey, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered March 27, 1989 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education ordering petitioner to reinstate respondent Gail M. Stephens to her former position.

Respondent Gail M. Stephens was employed as superintendent of schools for petitioner, the Lewiston-Porter Central School District, pursuant to a written contract dated March 19, 1985. The contract provided for a three-year term of employment commencing on July 1, 1985. Thereafter, on June 16, 1987, pursuant to a provision in the contract giving petitioner's Board of Education (hereinafter the Board) the discretion to extend the contract beyond the original three-year period, the Board approved a three-year extension of Stephens' contract through June 30, 1991. Subsequently, the Board became disenchanted with Stephens' performance and, in September 1988, terminated her employment and declared the position of superintendent of schools to be vacant. This action was taken without notice to Stephens and without a hearing.

Stephens appealed the Board's action to respondent Com-

missioner of Education. Finding, *inter alia,* that petitioner breached the contract by terminating Stephens without notice, the Commissioner thereafter sustained Stephens' appeal and ordered the Board to immediately restore Stephens to her position nunc pro tunc with full back pay and benefits. Petitioner then commenced this CPLR article 78 proceeding to challenge the Commissioner's determination. Supreme Court confirmed the determination and dismissed the petition. This appeal followed.

We affirm. Initially, we reject petitioner's contention that the Commissioner exceeded his jurisdiction when he determined that a valid and enforceable employment contract existed between the parties rather than defer to a court of law to decide the issue. The appellate jurisdiction of the Commissioner over any matters involving actions of a district school board is authorized by Education Law § 310 and the employment contract of a school superintendent is a matter governed by the Education Law *(see, e.g.,* Education Law § 1711 [3]). Notably, the Commissioner's jurisdiction over proceedings to enforce school superintendents' contracts is well established *(see, e.g., Matter of Wilson v Board of Educ.,* 276 App Div 482). In *Matter of Little Falls City School Dist. v Ambach* (68 AD2d 995), a determination by the Commissioner that a valid contract existed between a school district and its superintendent was sustained by this court.

Next, we also reject petitioner's assertion that the employment contract in question was void as violative of public policy and that the three-year extension of the contract was illegal or improperly executed. Petitioner's public policy argument is basically that the original employment contract was violative of public policy because it improperly delegated to Stephens certain of the Board's statutory duties under Education Law § 1709. However, as noted by the Commissioner, although it did in fact delegate certain of its duties to Stephens, the delegation was not unrestricted in the contract but was specifically subject to the approval of the Board in those situations where such approval is required by law. Moreover, no "important constitutional or statutory duty or responsibility" *(Matter of Port Jefferson Sta. Teachers Assn. v Brookhaven-Comsewogue Union Free School Dist.,* 45 NY2d 898, 899) of the Board is at issue here; therefore, we find petitioner's contravention of public policy argument unpersuasive.

Regarding the extension of the employment contract, petitioner first argues that the language of the contract permitting the extension violates Education Law § 1711, which re-

stricts the contractual term to a maximum of five years. The Commissioner rejected this argument and found that the extension of the contract created two separate agreements in two three-year terms, which is consistent with the position taken by the Commissioner in the past regarding extensions in contracts of this type (see, *Matter of Northrup,* 24 Ed Dept Rep 262; *Matter of Venezia,* 19 Ed Dept Rep 273). Since this interpretation of the statute is rational (see, *Matter of Howard v Wyman,* 28 NY2d 434, 438), it must be upheld.

As for petitioner's contention that the contract extension was invalid because it was never memorialized and signed by the parties, this argument lacks merit. The Commissioner based his determination that the parties validly extended the contract on the specific provisions of paragraph fifth of the contract, which provides: "the SUPERINTENDENT's contractual status shall be reviewed * * * and an * * * extension of the length of the contract may be granted by the BOARD * * * the BOARD must notify the SUPERINTENDENT of its action in writing." It is undisputed that the Board in June 1987 resolved to extend Stephens' contract and duly notified her of this action. While petitioner bases its argument on a general provision in the last paragraph of the contract allowing that the parties "may" modify, extend or terminate the contract by mutual written consent, where there are general and specific provisions in a contract relating to the same subject, the specific provisions normally control if there is an inconsistency between the provisions (see, *Muzak Corp. v Hotel Taft Corp.,* 1 NY2d 42; 22 NY Jur 2d, Contracts, § 223, at 68). Therefore, the Commissioner's decision to apply the more specific provision was proper and in keeping with the general rule of contract construction requiring an interpretation which gives meaning to every provision of a contract (see, *Muzak Corp. v Hotel Taft Corp., supra,* at 46; 22 NY Jur 2d, Contracts, §§ 221, 222, at 67-68). While mutual written consent was clearly an alternative method in the contract of extending its provisions, there was no impropriety in the Board's decision to utilize the method described in paragraph fifth.

Finally, petitioner's contention that the reasons for which Stephens was terminated constituted a breach of the employment contract, thereby relieving petitioner from the obligation of further performance, was properly rejected. Even if, as petitioner argues, just cause existed to terminate Stephens, this fact would not affect the validity of the Commissioner's determination. The contract specifically provided that petitioner could not discharge Stephens without notice and an

opportunity to be heard, regardless of the existence of cause. Since these steps were not taken, the Commissioner correctly concluded that petitioner's unilateral termination of Stephens without first affording her due process under the employment contract constituted an unlawful breach which negated the termination. Since this determination was neither arbitrary, capricious nor lacking a rational basis *(see, Matter of Wohl v Ambach,* 105 AD2d 999, 1001, *affd* 66 NY2d 818), it was properly upheld by Supreme Court.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.