■ In the Matter of COUNTY OF ROCKLAND, Appellant, v DAVID AXELROD, as Commissioner of Health of the State of New York, Respondent.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (McDermott, J.), entered October 6, 1988 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent assessing petitioner's Medicaid reimbursement rates for the years 1975, 1976 and 1977.

Summit Park Hospital is a Rockland County public hospital which cares for the chronically ill and participates in the Medicaid program. The hospital timely submitted cost reports for the years 1973, 1974 and 1975, and Blue Cross/Blue Shield of Greater New York conducted the required audits on site within one year of each filing *(see,* 10 NYCRR 86-1.8 [b]). These audits were then forwarded to respondent for review. By letter dated July 1, 1982, respondent advised the hospital that, based upon the Blue Cross audits, it had calculated the hospital's Medicaid reimbursement rates for 1975, 1976 and 1977. As a result of the audits, apparently $120,000 in funding is recoverable from the hospital. A bureau review to contest respondent's recomputation was sought. It was the hospital's contention on appeal that respondent did not timely complete the audits as required by 10 NYCRR 86-1.8 (c).

Respondent advised the hospital that because its appeal did not take exception to any specific audit disallowances but dealt solely with the Statute of Limitations, an issue which was being litigated in the courts at that time, the timeliness issue was beyond the scope of both a bureau review and formal hearing. Respondent therefore considered the appeal administratively closed. This CPLR article 78 proceeding was then commenced to revise and annul respondent's determination assessing the Medicaid reimbursement rates. Supreme Court agreed that respondent should have completed the audits within six years of their filing. Finding that respondent's delay was not unreasonably lengthy in view of New York's strong policy advocating the recovery of improperly

received Medicaid funds *(see, Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, 182, *cert denied* 476 US 1115), however, Supreme Court dismissed the petition. We affirm, but in doing so rely on a different rationale.

10 NYCRR 86-1.8 (c) directs that "fiscal and statistical reports shall be subject to audit for a period of six years". Petitioner argues that this regulation mandates respondent to complete the audit within six years. Respondent maintains that the regulation is satisfied so long as it commences the audit within that time.

This court has previously indicated that while the phrase " 'subject to audit' * * * is ambiguous as to whether commencement or completion of the audit is required to satisfy the time limitation" *(Matter of Grattan v Department of Social Servs.,* 131 AD2d 191, 194, *lv denied* 70 NY2d 616), the regulation could reasonably be construed to require that the audit be commenced rather than completed within six years *(supra).* Inasmuch as the agency's interpretation of its regulation is neither irrational nor unreasonable, it must be upheld *(see, Matter of Howard v Wyman,* 28 NY2d 434, 438).

Petitioner's assertion, that respondent's interpretation will unduly burden hospitals which are already obliged to retain records and reports subject to audit for not less than six years (10 NYCRR 86-1.8 [a]) in that it imposes an oppressive duty upon them to retain records for an even longer period, is unconvincing. Longer retention is only necessary when the medical facility has been given timely notice that an audit is to be conducted *(see,* 18 NYCRR 517.3 [c]). Because we find that the administrative interpretation of this regulation is not irrational or unreasonable, it is unnecessary to reach petitioner's contention that 10 NYCRR 86-1.8 (c) applied retroactively to petitioner's 1973 cost report filing.*

Judgment affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.

---

* 10 NYCRR former 86-1.8, which was in effect at the time petitioner filed its 1973 cost report, did not contain the six-year limitation.