In the Matter of ISAIAH BROWN, Respondent-Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Appellant-Respondent. [845 NYS2d 495]—

Mercure, J. Cross appeals from an order of the Supreme Court (Lamont, J.), entered June 13, 2006 in Albany County, which, among other things, granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent requiring petitioner to pay a copying fee prior to inspecting certain redacted documents under the Freedom of Information Law.

Petitioner, while an inmate at Otisville Correctional Facility in Orange County, made numerous requests—two of which are at issue here—that respondent provide various records to him for inspection and, if necessary, copying, pursuant to the Freedom of Information Law (*see* Public Officers Law art 6)

(hereinafter FOIL). Respondent provided access to some of the requested records but denied access to others on the ground that they contained information that was exempt from disclosure. Respondent informed petitioner that information contained in the denied records would have to be redacted prior to any inspection by petitioner, and directed him to pay a copying fee of $15.50 for the requests. In addition, respondent denied petitioner's administrative appeals of the fee requirement, concluding that it was entitled to charge a copying fee if the requested records contain material that is exempt from disclosure such that a photocopy is needed in order to provide a redacted record for inspection.

Petitioner then commenced this proceeding pursuant to CPLR article 78, seeking a judgment declaring, among other things, that he is entitled to inspect the requested records without paying the copying fee. Supreme Court, in an interim order, determined that respondent's policy of charging a fee to create a redacted copy of requested records is arbitrary, capricious and contrary to law. Respondent appeals, asserting that it is entitled to charge a fee to create a copy if a requested record contains exempt material that must be redacted prior to inspection. Petitioner cross-appeals, asserting that respondent failed to establish that any exemptions to FOIL disclosure are applicable such that redaction is required in the first instance. We now modify by reversing so much of Supreme Court's order as concluded that respondent's policy of charging a fee is arbitrary, capricious and contrary to law.*

As respondent concedes, FOIL "imposes a broad duty on government to make its records available to the public [and] . . . [a]ll government records are thus presumptively open for public inspection and copying unless they fall within one of the enumerated exemptions of Public Officers Law § 87 (2)" (*Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 274-275 [1996]; *see* Public Officers Law § 84). Moreover, " 'FOIL is to be liberally construed and its exemptions narrowly interpreted so that the public is granted maximum access to the records of government' " (*Matter of Newsday, Inc. v Sise*, 71 NY2d 146, 150 [1987], *cert denied* 486 US 1056 [1988] [1987], quoting *Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen*, 69

---

* Although the order issued by Supreme Court is concededly nonfinal and, thus, not appealable as of right (*see* CPLR 5701 [b] [1]; [c]), we exercise our authority to grant permission to appeal given the importance of the issue (*see Matter of Elcor Health Servs. v Novello*, 295 AD2d 772, 773 n 2 [2002], *affd* 100 NY2d 273 [2003]; *Matter of Gane v Ambach*, 135 AD2d 1013, 1013-1014 [1987]).

NY2d 246, 252 [1987]; *see Matter of Buffalo News v Buffalo Enter. Dev. Corp.*, 84 NY2d 488, 492 [1994]). Consistent with the statute's purpose of promoting open government, it is also well settled that an agency's expenses in fulfilling its FOIL obligations cannot be passed on to the public and that requests cannot be rejected simply due to their breadth or burdensomeness (*see Matter of Konigsberg v Coughlin*, 68 NY2d 245, 249-250 [1986]; *Matter of Doolan v Board of Coop. Educ. Servs., 2d Supervisory Dist. of Suffolk County*, 48 NY2d 341, 347 [1979]). Nevertheless, agencies are not required to assume all costs associated with the provision of records; indeed, as is particularly relevant here, we note that the statute expressly permits an agency to charge a photocopying fee of 25 cents per page for copies of records (*see* Public Officers Law § 87 [1] [b] [iii]; 7 NYCRR 5.35, 5.36; *see also Gandin, Schotsky & Rappaport v Suffolk County*, 226 AD2d 339, 339-340 [1996]).

In that regard, the Committee on Open Government (hereinafter COG) has issued advisory opinions concluding that when a portion of the requested record is exempt from disclosure, "an agency could prepare a photocopy from which deletions could be made, and . . . charge its established fee for photocopying" (NY Dept of State Comm on Open Government, Advisory Op 8240A [May 11, 1994]). COG has explained that while any person may inspect a record at no charge if the record in its entirety is subject to disclosure under FOIL, when a portion of the record is exempt from disclosure, there is simply no right to inspect the unredacted record (*see* Public Officers Law § 87 [2] [providing that agencies may deny the public "access to records or portions thereof" that are exempt from disclosure]; NY Dept of State Comm on Open Government, Advisory Op 11638 [Aug. 18, 1999]; NY Dept of State Comm on Open Government, Advisory Op 11355 [Mar. 2, 1999]; NY Dept of State Comm on Open Government, Advisory Op 8391 [Aug. 1, 1994]). Thus, "[w]hen accessible and deniable information must, of necessity, appear on the same page, the practice [of] preparing a redacted copy and charging the established fee . . . is fully justifiable" (NY Dept of State Comm on Open Government, Advisory Op 8391 [Aug. 1, 1994]).

Notably, COG's interpretation is consistent with that of the agency administering the records at issue and, thus, that interpretation is entitled to deference so long as it is not irrational or unreasonable (*see Matter of Sheehan v City of Binghamton*, 59 AD2d 808, 809 [1977]; *see also Matter of John P. v Whalen*, 54 NY2d 89, 96 n 3 [1981]; *cf. Buffalo News v Buffalo Enter. Dev. Corp.*, 84 NY2d at 493). In our view, inasmuch as a

petitioner has no right to inspect exempted portions of a requested record and an agency is therefore permitted to make a redacted record by first making a photocopy of the original record, it is not irrational for the agency to impose the statutory copying fee prior to providing the redacted record for inspection, just as it is permitted to do anytime that photocopies are requested. Accordingly, we reverse that portion of Supreme Court's order determining that respondent's policy of charging a fee to create a redacted copy of a document for inspection is arbitrary and capricious and contrary to law.

With respect to petitioner's cross appeal, we note that he failed to previously raise, either before Supreme Court or on administrative appeal, his argument that respondent did not demonstrate an exemption requiring the redaction of any portion of the records that he requested on October 27, 2005. Thus, any such challenge in that respect is not properly before us (see *Matter of Khan v New York State Dept. of Health*, 96 NY2d 879, 880 [2001]).

Finally, we reject petitioner's challenge to the redaction of the identity of the recipients of other inmates' correspondence in connection with his August 1, 2005 request. It is well settled that an agency may delete "identifying details" to prevent unwarranted invasion of personal privacy (Public Officers Law § 89 [2]; *see Matter of New York Times Co. v New York State Dept. of Health*, 243 AD2d 157, 159 [1998]).

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted petitioner's application and annulled that part of a determination of respondent requiring petitioner to pay a copying fee prior to inspecting certain redacted documents under the Freedom of Information Law; petition dismissed to that extent; and, as so modified, affirmed.