In the Matter of NORTHERN METROPOLITAN RESIDENTIAL HEALTHCARE FACILITY, INC., Appellant, v ANTONIA C. NOVELLO, as Commissioner of Health, et al., Respondents. [899 NYS2d 410]—

Spain, J.P. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered January 2, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Health requiring petitioner to repay certain Medicaid reimbursements.

In December 1987, respondent Department of Health (hereinafter DOH) gave approval for petitioner to establish an adult day-care program. In June 1988, petitioner submitted an overall anticipated budget and, in January 1989, based on the estimated costs provided, DOH approved the budget and promulgated a Medicaid reimbursement rate for the program (see 10 NYCRR 86-2.9 [b]). Petitioner's proposed budget included estimated annual transportation costs of approximately $55,000 per year. A subsequent audit of petitioner's day-care program transportation costs between 1989 through 1995 revealed that petitioner did not actually incur any transportation costs for those years because it had contracted with various companies to provide transportation services and those companies billed Medicaid directly.[1] As a result, DOH disallowed reimbursement for petitioner's budgeted transportation costs of $55,000 per year and directed restitution for the resulting Medicaid overpayments (see 10 NYCRR 86-2.27). An administrative law judge

1. The audit commenced in 1996 with a final audit report issued in September 1998 (hereinafter referred to as the 1998 audit).

later limited the years for which petitioner owed for Medicaid overpayments and, in all other respects, affirmed DOH's determination. Subsequently, in a proceeding pursuant to CPLR article 78 by petitioner, Supreme Court (Lamont, J.) further limited petitioner's Medicaid reimbursements to the years 1992 through 1995 and dismissed the remainder of petitioner's application. This Court later sustained that determination (*Matter of Northern Metro. Residential Healthcare Facility, Inc. v Novello*, 24 AD3d 1069, 1074 [2005]).

In the meantime and without conducting a new audit, DOH issued petitioner a notice of rate changes in October 2003, indicating that, because the day-care program's base year transportation costs had been eliminated from its Medicaid reimbursement rate in the 1998 audit, petitioner had received overpayments totaling nearly $1.6 million for 1996 through 2001 transportation costs and directed reimbursement for said overpayments. Thereafter, in February 2004, petitioner commenced the instant CPLR article 78 proceeding seeking, among other things, rescission of DOH's determination. After joinder of issue, Supreme Court (Ceresia, Jr., J.) dismissed the petition and petitioner now appeals.

Initially, petitioner contends that DOH erroneously expanded the scope of the 1998 audit by applying the results of that audit's findings to subsequent rate years and asserts that DOH should have performed a separate audit to determine the actual yearly transportation costs that petitioner incurred from 1996 through 2001. Petitioner also argues that DOH erred by using 1989 as the base year for transportation costs in determining petitioner's Medicaid reimbursement rate because 1989 was not the base year for its day-care program and DOH never performed an audit of petitioner's base year costs; rather, DOH only audited actual transportation costs between 1989 and 1995.

As to DOH's use of the 1989 approved rate as the base rate in calculating petitioner's alleged Medicaid overpayments for 1996 through 2001, this Court clarified in its earlier decision that, due to inadequate actual cost experience, it was an appropriate exercise of discretion for DOH to establish petitioner's day-care program's Medicaid reimbursement rate based on anticipated transportation costs (*see* 10 NYCRR 86-2.9 [b]; *Matter of Northern Metro. Residential Healthcare Facility, Inc. v Novello*, 24 AD3d at 1072-1073). In 1988, petitioner submitted a proposed budget that included annual transportation costs of $55,000; however, that budget was not approved by DOH until 1989. The reference in the notice of rate changes to 1989 as the base year, therefore, has a reasonable factual basis in the record

(*see Matter of Nazareth Home of the Franciscan Sisters v Novello*, 7 NY3d 538, 544 [2006])' and is not the result of any incorrect assumptions or mistakes. Clearly, there was ample authority for the audit of petitioner's actual transportation costs (*see* 10 NYCRR 86-2.7; *Matter of Northern Metro. Residential Healthcare Facility, Inc. v Novello*, 24 AD3d at 1071-1072), and because of petitioner's failure to provide notification of its deletion of transportation services (*see* 10 NYCRR 86-2.27; *Matter of Wells Nursing Home, Inc. v Novello*, 55 AD3d 1202, 1204 [2008]), DOH not only disallowed petitioner's budgeted transportation costs for rate years 1989 through 1995, but also completely removed transportation costs as a base cost for which petitioner's day-care program could seek reimbursement. This determination was later affirmed by an administrative law judge, Supreme Court and, ultimately, this Court (*Matter of Northern Metro. Residential Healthcare Facility, Inc. v Novello*, 24 AD3d at 1074). Thus, all transportation costs were removed as a component of the day-care program's Medicaid reimbursement rate, and petitioner is collaterally estopped from relitigating whether these costs were, in fact, properly removed (*see Matter of Benedictine Hosp. v Glessing*, 47 AD3d 1184, 1186-1187 [2008]; *Matter of Northern Metro. Residential Healthcare Facility, Inc. v Novello*, 24 AD3d at 1073). Therefore, inasmuch as DOH's 2003 determination is based upon the 1998 audit, its subsequent downward adjustments to the reimbursement rates for transportation costs do not rest on any incorrect assumptions and flow from a bona fide audit.

Further, pursuant to 18 NYCRR 517.14, "[a]udit adjustments which result in rate revisions must be applied to all rate periods which are affected by the audited costs" (*see German Masonic Home Corp. v DeBuono*, 295 AD2d 312, 314 [2002], *lv denied* 99 NY2d 507 [2003]). The deletion of the transportation costs included in petitioner's 1989 approved base year budget—which DOH determined were not actually being incurred by petitioner—provided the basis upon which petitioner's adjusted reimbursement figures for transportation costs between 1996 through 2001 were calculated. As such, despite the fact that a separate audit was not conducted to ascertain whether petitioner may have incurred actual transportation costs during this period, it was proper for DOH to apply the adjusted rate, as determined from the prior audit, to years 1996 through 2001 (*see* 10 NYCRR 86-2.27; 18 NYCRR 517.14; *Matter of Wells Nursing Home, Inc. v Novello*, 55 AD3d at 1203-1204). Indeed, petitioner is not entitled to enjoy the fruits of improper Medicaid overpayments based upon its own failure to timely notify DOH of the deletion of transportation services for which it received

funds based on prospective budgetary figures (*see Matter of Wells Nursing Home, Inc. v Novello*, 55 AD3d at 1203-1204). If petitioner did, in fact, incur actual transportation costs during the rate years 1996 through 2001, in consideration of the fact its transportation costs were removed from its reimbursable base costs, its remedy was to notify DOH of these actual costs in those rate years and apply for an adjustment to the day-care program's base rate (*see* 10 NYCRR 86-2.13, 86-2.14 [a] [5]).[2]

We next reject petitioner's contention that it was unfairly denied its timely request for an administrative hearing to contest the notice of rate change. In response to the notice of rate change, in December 2003, petitioner timely requested a hearing to challenge DOH's determination in its entirety (*see* 18 NYCRR 519.7), but no hearing was ever scheduled, respondents asserting that DOH was not required to hold an additional hearing. The 1998 audit had already revealed that petitioner had deleted its transportation services in 1989 and, as a result, it determined that the Medicaid payments made during the time period in which transportation services were included as a component of petitioner's rate should be adjusted downward. Thereafter, pursuant to 18 NYCRR 517.14, DOH applied its 1998 findings to the subsequent rate years of 1996 through 2001; no new determination was made that would require a new administrative hearing (*see* 18 NYCRR 519.4); rather, the results of the prior determination were merely applied to a subsequent rate period per DOH regulations, a prior determination that had been upheld by this Court (*Matter of Northern Metro. Residential Healthcare Facility, Inc. v Novello*, 24 AD3d at 1074).

Inasmuch as the challenged determination was based on a rational interpretation by DOH of its own regulations (*see generally Matter of Marzec v DeBuono*, 95 NY2d 262, 266 [2000]; *Matter of Northern Metro. Residential Healthcare Facility, Inc. v Novello*, 24 AD3d at 1073; *Matter of Elcor Health Servs. v Novello*, 295 AD2d 772, 773-774 [2002], *affd* 100 NY2d 273 [2003]), petitioner was not denied any procedural or substantive rights, and there is ample support in the record for Supreme Court's dismissal of petitioner's CPLR article 78 application.

We have considered petitioner's remaining arguments and find them unpersuasive.

Rose, Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

---

**2.** Notably, in 2004, petitioner filed such a rate appeal in order to reinstate transportation costs incurred from 2004 onward into its base rate. As a result, said transportation costs were retroactively reinstated into the program's base rate for years 2004 through 2007.