Matter of Gaston v New York City Dept. of Hous. Preserv. & Dev. (2021 NY Slip Op 02599)





Matter of Gaston v New York City Dept. of Hous. Preserv. & Dev.


2021 NY Slip Op 02599


Decided on April 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 29, 2021

Before: Webber, J.P., Singh, González, Shulman, JJ. 


Index No. 155643/19 Appeal No. 13687 Case No. 2020-02240 

[*1]In the Matter of Deanne Gaston, Petitioner-Appellant,
v
New York City Department of Housing Preservation and Development, Respondent-Respondent.


Rahman Legal, New York (Hashim Rahman of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered October 16, 2019, which denied the petition to compel respondent to disclose certain records pursuant to the Freedom of Information Law (FOIL), and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
HPD properly conditioned production of responsive documents on petitioner's payment of the fee (estimated at $2,500 to $2,700) for photocopying more than 10,000 pages of documents to be redacted of identifying details (see Public Officers Law § 89[2][c][i]; Matter of Schenectady County Socy. for the Prevention of Cruelty to Animals, Inc. v Mills, 18 NY3d 42, 45 [2011]). When petitioner temporized, HPD was justified in withholding production (see Matter of DeFreitas v New York State Police Crime Lab, 141 AD3d 1043, 1044 [3d Dept 2016]; Matter of Brown v Goord, 45 AD3d 930, 931-933 [3d Dept 2007], lv dismissed 10 NY3d 796 [2008]).
Since HPD had otherwise produced all documents sought by petitioner, there was no error of law in the article 78 court's denial of the petition and dismissal of the proceeding (see Mulgrew v Board of Educ. of the City School Dist. of the City of N.Y., 87 AD3d 506 [1st Dept 2011], lv denied 18 NY3d 806 [2012]).
The court providently exercised its discretion in declining to award attorneys' fees (see Public Officers Law § 89[4][c][ii]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2021